(112 So. 38)

No. 26311.

BAYLEY MFG. CO. v. WILHELM MOSS CO.

Feb. 28, 1927.

*(Syllabus by Editorial Staff.)*

1. Sales ⊙⟶17—Seller could not recover from corporation distinct from buyer corporation, though buyer corporation had same officers, and charged property to defendant, which it financed.

No recovery could be had against corporation for sale to another corporation by which it was financed, where corporations were separate and distinct, though amount paid by the other company was charged on its books to defendant, and though same individuals were respectively president and vice president of the two corporations, there being no privity between seller and defendant corporation.

2. Set-off and counterclaim ⊙⟶41—Compensation and reconvention; corporation sued for balance of price on contract to which it was stranger could not recover payments made by buyer.

One corporation sued for another corporation's debt could not rescind or recover for seller's breach of warranty in sale to other corporation, where no right of action existed, due to want of privity between parties.

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; B. H. Pavy Judge.

Suit by the Bayley Manufacturing Company against the Wilhelm Moss Company, in which defendant interposed a reconventional demand. Judgment for defendant on the reconventional demand and rejecting plaintiff's claim, and plaintiff appeals. Judgment annulled, and suit dismissed.

John W. Lewis, of Opelousas, and Borah, Himel, Bloch & Borah, of Franklin, for appellant.

Dudley L. Guilbeau, of Opelousas, for appellee.

O'NIELL, C. J. This suit was brought to recover $3,000 as the balance due on the price of an apparatus sold by the plaintiff to the Republic Company, now styled Henry Wilhelm Company, a Pennsylvania corporation, domiciled in Pittsburg. The suit was brought against the Wilhelm Moss Company, a Louisiana corporation domiciled at Port Barre, La., on the allegation that the parties who signed the contract for the Republic Company were in reality acting for the Wilhelm Moss Company, to whom the apparatus was delivered. The defendant, Wilhelm Moss Company, pleaded that the petition, with the contract sued on, did not show a cause or right of action against the Wilhelm Moss Company. The exception was overruled. The defendant repeated the plea in its answer to the suit, and, protesting against being compelled to answer, averred that, if the court should hold that there was a privity of contract between the plaintiff and defendant, the contract should be rescinded because the apparatus did not have the capacity guaranteed in the contract, and the defendant should have judgment in reconvention for $9,000 paid by the Republic Company on the purchase price. When the case was called for trial, the defendant filed a plea of lis pendens, averring that the Henry Wilhelm Company; formerly the Republic Company, had filed suit against the plaintiff at the latter's domicile, in Milwaukee, Wis., for breach of the contract. Annexed to the plea and motion to dismiss this suit were certified copies of the pleadings in the suit of the Henry Wilhelm Company against the present plaintiff, in the circuit court of Milwaukee county, Wis., showing that the Henry Wilhelm Company was suing for a rescission of the contract, for a return of the $9,000 paid on the purchase price of the apparatus, and for $9,481.92 expenses alleged to have been incurred, and damages alleged to have been suffered, by reason of the alleged breach of the contract of guaranty as to the capacity of the apparatus. The district court overruled the plea of lis

pendens and motion to dismiss this suit; and, after trial of the case, gave judgment in favor of the defendant rejecting the plaintiff's demand, rescinding the contract, and condemning the plaintiff to pay to the defendant the $9,000 paid by the Republic Company (now called Henry Wilhelm Company) on the purchase price of the apparatus. The plaintiff has appealed from the decision.

[1, 2] The judgment should have been merely a dismissal of the plaintiff's suit, if not on the exception of no cause of action, surely for want of a right of action after the evidence was heard, and it was proven that there was no contract, or privity of contract, between the plaintiff and defendant. The apparatus was sold to the Republic Company by written contract between the plaintiff and the Republic Company; the latter being represented by its president and vice president, acting for that company. The Wilhelm Moss Company was not a party to the contract, and did not afterwards assume any of the obligations or acquire any of the rights of the Republic Company under the contract. It is true that the apparatus was delivered on the premises owned by the Wilhelm Moss Company, and the $6,000, paid by the Republic Company, as well as the $3,000 paid by the same company after its name was changed to Henry Wilhelm Company, was charged to the Wilhelm Moss Company on the books of the Republic Company (now Henry Wilhelm Company). But that was because the Republic Company (now called Henry Wilhelm Company) owned, and still owns, 247 of the shares of the capital stock of the Wilhelm Moss Company. The three other shares are owned by the three stockholders of the Republic Company (now Henry Wilhelm Company); each shareholder owning one share of stock in the Wilhelm Moss Company. The total capital stock of the Wilhelm Moss Company is only $25,000, represented by 250 shares, of the par value of $100 a share. The individuals who were, respectively, president and vice president of the Republic Company, were also, respectively, president and vice president of the Wilhelm Moss Company. The Republic Company financed the Wilhelm Moss Company, collecting all of its bills and accounts receivable, and paying all of its bills and accounts payable. But they were not one or the same corporation. There is no basis for the finding that there was a contractual relation between the plaintiff and the Wilhelm Moss Company. The latter had no right of action for a rescission of the contract, for breach of the warranty or guaranty clause, or for any other cause, and the former had no right of action against the latter for the balance of the purchase price stipulated in the contract.

Therefore, without deciding or considering the defendant's alternative defense that there was a breach of the contract of warranty or guaranty, our judgment is that the suit should be dismissed for want of a right of action on the part of the plaintiff against the defendant, or on the part of the defendant as plaintiff in reconvention.

The judgment appealed from is annulled, and this suit is now dismissed for want of a right of action. The plaintiff is to pay all court costs.